FILED
2017 Mar-17  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **RALPH HENRY THRASHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **5:15-cv-01425-AKK** |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Ralph Henry Thrasher brings this action pursuant to 42 U.S.C. § 405(g), seeking (1) a remand pursuant to Sentence Six, doc. 8, and (2) a review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"), doc. 1. This court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

### I. Procedural History

Thrasher filed his application for Title XVI and Title XIX Supplemental Security Income, and for Supplemental Security Benefits on July 2, 2013, (R. 139–152), alleging a disability onset date of May 16, 2013, (R. 139). After the SSA denied his application, (R. 84), Thrasher requested a hearing, (R. 96). At the time

of the hearing, Thrasher was 38 years old, (R. 42, 43–44), had completed high school through the tenth grade and later obtained his GED, (R. 44), and had past work experience hauling gas as a truck driver. (R. 44–45). Thrasher has not engaged in substantial gainful activity since his onset date of May 16, 2013. (R. 44).

The ALJ denied Thrasher's claim on August 5, 2014, (R. 28–35), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1–3). Thrasher then filed this action for review, doc. 1, and a subsequent motion of remand pursuant to Sentence Six, doc. 8, both pursuant to 42 U.S.C. § 405(g).

## II. Standard of Review

The issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must

review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)–(f). Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)–(f) ). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV. The ALJ's Decision

In performing the Five Step sequential analysis, the ALJ initially determined that Thrasher had not engaged in substantial gainful activity since his onset date of

May 16, 2013, (R. 44), and therefore met Step One. (R. 30). Next, the ALJ acknowledged that Thrasher's severe impairments of hypertension, gastroesophageal reflux disease (GERD), and vasodepressor syndrome met Step Two. (R. 30). The ALJ then proceeded to the next step and found that Thrasher did not satisfy Step Three since he "[did] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 32) (internal citations omitted). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, she proceeded to Step Four, where she determined that Thrasher

> has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that he is to have the option to alternate between sitting and standing every 30 minutes; and he is to avoid all climbing, balancing, commercial driving, or exposure to hazardous machinery or unprotected heights.

(R. 32). In light of Thrasher's RFC, the ALJ determined that Thrasher "[was] unable to perform any of his past relevant work." (R. 33) (internal citations omitted). Accordingly, the ALJ turned to Step Five, considering Thrasher's age, education, work experience, RFC, and the testimony of a vocational expert, and determined that "there are jobs that exist in significant numbers in the national economy that [Thrasher] can perform." (R. 33–34). Because the ALJ answered

Step Five in the negative, she determined that Thrasher was "not disabled." (R. 34).

## V. Analysis

The court now turns to Thrasher's contentions of alleged error. Specifically, Thrasher contends that the ALJ's decision is not supported by substantial evidence and is based on the ALJ's purported application of improper legal standards. Doc. 1 at 2. Thrasher contends further that the court should remand pursuant to 42 U.S.C. § 405(g) sentence six for the Commissioner to consider new evidence. The court addresses these two contentions below beginning with the motion to remand.

### A. Thrasher's Motion For Remand Pursuant To Sentence Six Is Due To Be Denied

Thrasher's motion is based on the following purported new evidence: (1) Dr. Sadri M. Avsar's letter to the Appeals Council on June 10, 2015, stating that "Mr. Thrasher is permanently and indefinitely disabled," doc. 8 at 3; (R. 8–9); (2) Dr. Avsar's evaluations of Thrasher's back pain, including an MRI report from July 2, 2013, stating that Thrasher has a "L5-S1 slight disc bulge," "facet joint hypertrophy with mild bilateral foraminal stenosis," and "right renal cyst or cysts," docs. 8 at 4; 8-1 at 2; (3) Dr. Avsar's Medical Assessment of Ability to Do Work-Related Job Activities (Physical), doc. 10 at 7; (R. 8–9, 357–62); and (4) Dr. Scott Warner's evaluation of Thrasher's sleep study on November 3, 2014, in which Dr.

Warner concluded that Thrasher has severe obstructive sleep apnea, docs. 8 at 5; 8-2 at 5.

Under the sixth sentence of section 405(g), "the federal court [has] the power to remand the application of benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The "sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court" is when a plaintiff shows that the new evidence is non-cumulative, material, and that good cause exists for the failure to incorporate the evidence into the record in a prior proceeding. *Id.* at 1267; 42 U.S.C. § 405(g). Generally, remand under sentence six is appropriate in two instances: first, "when evidence not presented to the Commissioner at any stage of the administrative process requires further review," *see Caulder v. Bowen*, 791 F.2d 872, 875–77 (11th Cir. 1986), or second, when new evidence was submitted during the administrative process, but "the Commissioner did not have an opportunity to consider [it] because the evidence was not properly submitted to the Appeals Council," *Ingram*, 496 F.3d at 1268 (citing *Milano v. Bowen*, 809 F. 2d 763, 765 (11th Cir. 1987)). Thrasher has failed to establish either of the two requirements to warrant remand.

*1. Dr. Avsar*

No basis exists for a remand based on the evidence from Dr. Avsar. As an initial matter, the Medical Assessment of Ability to Do Work-Related Job Activities (Physical) Dr. Avsar provided is not "new evidence." To the contrary, Thrasher submitted it to the Appeals Council, and the Appeals Council included it in the list of exhibits it considered when it made its decision. (R. 1, 4, 9, 361–62). *See Ingram*, 496 F.3d at 1269 (citation omitted) ("Sentence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council.").[1]

Likewise, the MRI report is cumulative of record evidence and does not meet the "new and material" standard required for a sentence six remand. *See Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 903 (11th Cir. 2013) (holding that three additional letters were cumulative of record evidence and therefore not "new and material," because the claimant failed to show a reasonable possibility that the additional letters describing the same difficulties already addressed in the record would change the administrative outcome). Although Thrasher did not

---

[1] Thrasher relies on *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001), to support his position; however, in *Ingram*, the Eleventh Circuit explains that the court failed to apply the correct standard in *Vega*, where it should have analyzed the claim under sentence four of section 405(g), not sentence six, because the claim argued a distinct issue — that the Appeals Council failed to "meaningfully consider the new evidence." *See Ingram*, 496 F.3d at 1268. Therefore, as the Eleventh Circuit has declined to follow the conflicting precedent set in *Vega*, so too, does this court.

submit the actual MRI report to the Appeals Council for review, a summary of the MRI's findings was included in Dr. Avsar's report from June 22, 2013 that the Appeals Council reviewed. *See* (R. 322) (note from Dr. Avsar that "[Thrasher] is also complaining of back pain. His MRI shows minimal disease, no stenosis. Recommended epidural block. Patient declined."). Therefore, the MRI report is not "new and material" and is cumulative of record evidence. Moreover, Thrasher has failed to establish good cause for his failure to submit the MRI during the administrative process. *See Pichette v. Barnhart*, 185 F. App'x 855, 857 (11th Cir. 2006) (no error in Appeals Council refusing to remand case to the ALJ for consideration of evidence dated five months prior to the ALJ's decision and not submitted to the Appeals Council until one year after it was rendered, because claimant failed to show good cause for the failure to submit the evidence in the proceedings before the ALJ); *White v. Barnhart*, 373 F. Supp. 2d 1258, 1265 (N.D. Ala. 2005) ("the question [under sentence six] is not whether there is good cause for failure to present the evidence at the ALJ level, but rather for failure to present it at the administrative level, which includes the Appeals Council stage").

Next, although not properly submitted to or considered by the Appeals Council,[2] Dr. Avsar's letter to the Appeals Council, (R. 8–9), is also cumulative of

---

[2] Thrasher submitted it seven months after the deadline for additional evidence, and the Appeals Council did not include it in the list of exhibits it considered when making its decision. (R. 4).

record evidence and does not meet the "new and material" standard required for a sentence six remand. *See Timmons*, 522 F. App'x at 903. According to Thrasher, this evidence is material, because it responds to the ALJ's identification of a gap in Thrasher's evidence,[3] and would change the ALJ's determination regarding Thrasher's functional capacity and job prospects. Doc. 8 at 13–14. Although the Commissioner must give substantial weight to the opinion of a treating physician in determining disability, *see Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986), Dr. Avsar's letter is not material, because it is cumulative of Dr. Avsar's opinion regarding Thrasher's functional capacity.[4] *See Timmons*, 522 F. App'x at 903. Specifically, the Appeals Council considered Dr. Avsar's Medical Assessment of Ability to Do Work-Related Job Activities (Physical), dated November 19, 2014, (R. 361–62), which provided a more detailed evaluation than the letter at issue of Thrasher's physical abilities, including the amount of weight Thrasher can lift, and the standing and walking he can tolerate in a day, (R. 361).

---

[3] *See* (R. 8) (ALJ finding Thrasher is not disabled, in part, because "no treating physician had expressed an opinion about [Thrasher's] functional capacity.").

[4] To the extent Dr. Avsar's letter asserts Thrasher's physical capabilities have diminished, Thrasher must submit a new application for disability benefits. Evidence submitted after an ALJ's decision that is reflective of a worsening condition rather than of the extent of his disability at the time is not material to the decision. *Gallina v. Comm'r of Soc. Sec.*, 202 F. App'x 387, 389 (11th Cir. 2006).

*2. Dr. Warner*

Finally, remand is also not warranted with respect to Dr. Warner's evaluation of Thrasher's sleep study. Although this evidence is new and non-cumulative evidence, *see Lipscomb v. Comm'r of Soc. Sec.*, 199 F. App'x 903 (11th Cir. 2006), Thrasher fails to demonstrate how the sleep study and diagnosis of obstructive sleep apnea would likely change the outcome of the administrative hearing, *see Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (evidence is "material" if there is a reasonable probability that the new evidence would change the administrative outcome). In fact, notwithstanding the sleep apnea diagnosis, Thrasher reports that he sleeps 8-12 hours each night, doc. 8-2 at 3, and Dr. Warner indicates that Thrasher anticipates successful treatment of his sleep disordered breathing, *id.* at 4.

For all these reasons, Thrasher's motion for a remand pursuant to sentence six is due to be denied.

## B. The ALJ's Finding That Thrasher Is Not Disabled Is Supported By Substantial Evidence

Thrasher also argues that the Commissioner erred when the Appeals Council failed to remand his claim to the ALJ to (1) consider newly submitted evidence, (2) reassess Thrasher's residual functional capacity, and (3) reassess Thrasher's anxiety. Doc. 10. For the reasons stated below, the record belies Thrasher's contentions.

### 1.  The Newly Submitted Evidence Does Not Warrant A Remand

Thrasher submitted to the Appeals Council evidence consisting of (1) a letter from Dr. Avsar stating that "Mr. Thrasher is permanently and indefinitely disabled," (R. 9), (2) further treatment records from Dr. Ibrahim Hanna, and (3) Dr. Avsar's "Medical Assessment of Ability to Do Work-Related Physical Activities" (R. 361–62). Thrasher takes issue with the Appeals Council's evaluation of this evidence. Unfortunately for Thrasher, the record does not support his contention of alleged error.

### i.    Dr. Avsar's Letter

The Appeals Council did not include Dr. Avsar's letter in the list of exhibits it considered in its decision. (R. 4). Therefore, the court assumes that the Appeals Council did not consider the letter as part of its review of the ALJ's decision. *See Sneed v. Barnhart*, 214 F. App'x 883 (11th Cir. 2006) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)) ("the Appeals Council's refusal to consider the submission of new evidence before denying review amounts to an error of law, [and] that decision is subject to judicial review."). However, there is no reversible error because Thrasher failed to properly submit Dr. Avsar's letter to the Appeals Council. Specifically, Thrasher had until November 24, 2014 to submit "more evidence or a statement about the facts and the law" in his case to the Appeals Council. (R. 10). Instead, Thrasher submitted

Dr. Avsar's letter, dated June 2, 2015, to the Appeals Council on June 10, 2015, (R. 8–9), *i.e.*, almost seven months after the deadline. Therefore, the Appeals Council had no obligation to consider it in its decision to deny review. 20 C.F.R. § 404.970(c).

Moreover, it is not clear that Dr. Avsar's letter, which he wrote ten months after the ALJ's decision, relates to the time period in question. *See Allen v. Barnhart*, 174 F. App'x 497, 500 (11th Cir. 2006) (the claimant's new evidence was not material because it did not relate to the period on or before the ALJ's decision). To the extent Dr. Avsar's letter asserts Thrasher's physical capabilities have diminished, Thrasher must submit a new application for disability benefits because evidence submitted after an ALJ's decision that is reflective of a worsening condition, rather than of the extent of his disability at the time of the decision, is not material to the ALJ's decision. *See Gallina v. Comm'r of Soc. Sec.*, 202 F. App'x 387, 389 (11th Cir. 2006).

Alternatively, the Appeals Council's failure to consider Dr. Avsar's letter is not reversible error because the letter is cumulative of record evidence. *See Poellnitz v. Astrue*, 349 F. App'x 500, 503 (11th Cir. 2009) (the additional evidence submitted to the Appeals Council, which generally showed treatment for conditions already reflected in the evidence before the ALJ, failed to deprive the

ALJ's decision of substantial support); *see also Timmons*, 522 F. App'x at 903. In

the letter, Dr. Avsar writes:

> Mr. Thrasher is a long time patient of mine being treated for multiple
> medical problems such as: Anxiety, Backache, Chronic Pain,
> Hypertension, Shortness of Breath, Joint Pain, Orthostatic
> Hypotension, Dizziness, Vertigo & recurrent Cough. After his
> incident at work, he developed Shortness of Breath, Dizziness,
> Vertigo, Cough & Nausea. In my opinion, Mr. Thrasher is
> permanently and indefinitely disabled.

(R. 9). Dr. Avsar had previously examined Thrasher seven times between August

2012 and November 2013, (R. 233–45, 317–33), and in those reports, which the

ALJ had, Dr. Avsar recorded that Thrasher had a past medical history of "[a]nxiety

disorder, back pain, hypertension," (R. 234, 240, 319, 322, 324, 329), and

complained of "dizziness, headache," (R. 235, 320, 324, 330), "shortness of

breath," (R. 241), "back pain, joint pain, muscle aches, muscle weakness," (R. 241,

320, 322), "cough, nonproductive cough," (R. 320) "nausea, vomiting," (R. 320),

"vertigo," (R. 327), and "orthostatic symptoms," (R. 333). Importantly, on July 17,

2013, Dr. Avsar wrote that Thrasher "had an accident at work prior to last visit"

relating to "chemical exposure," (R. 319–20), that Thrasher has a history of

"angina, anxiety disorder, back pain, [and] [malignant] hypertension," "has

dyspnea," and "complains of . . . cough, nonproductive cough . . ., nausea,

vomiting . . ., joint pain, muscle aches, muscle weakness . . ., dizziness, headache .

. ., [and] anxiety . . .," (R. 320–22). This report provides, in greater detail, the same

information that the letter in contention provides. Significantly, the ALJ considered the old reports in reaching her decision. Therefore, Dr. Avsar's letter is cumulative evidence and is not material, and would not have changed the administrative outcome. *See Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)) ("The new evidence is material, and thus warrants a remand, if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'").

ii.   Drs. Hanna and Avsar's Medical Assessments

Unlike the June 2014 letter from Dr. Avsar, Thrasher timely submitted the additional treatment notes from Dr. Hanna[5] and a Medical Assessment[6] Dr. Avsar completed. "When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it

---

[5] These records include: (a) an undated Tilt Table Test Report, (R. 357) — which it appears Dr. Hanna completed sometime in 2013, (R. 357) (the date is cut off); and (b) a Follow-up Visit Note, completed on October 24, 2014 (R. 358–60). The Tilt Table Test Report reports that Thrasher's "symptoms are due to the Vasodepressor Syndrome." (R. 357). The Follow-up Visit Note summarizes Thrasher's problems, including "[r]ecurrent episodes of syncope . . . due to the vasodepressor syndrome," "hypertension," "shortness of breath," "[r]ecurrent episodes of chest pain," and "migraines;" lists a variety of Thrasher's complaints, including "migraine, lack of energy, fatigue, chills, weakness, weight gain, dysphagia, tinnitus, vertigo . . ., tingling in his face, anxiety and panic attacks, persistent cough with difficulty breathing, nighttime snoring . . . as well as a variety of musculoskeletal complaints;" and describes his plan of treatment for Thrasher's vasodepressor syndrome. (R. 358–60).

[6] Dr. Avsar opined that Thrasher is limited to lifting/carrying "less than five pounds," standing/walking "less than 1 hour across an 8 hour day for no more than 30 minutes without interruption," sitting "no more than two hours in an 8 hour day and up to 2 hours without interruption," and that Thrasher should be "limited to less than sedentary work." (R. 361–62); doc. 10 at 8–9.

has adequately evaluated the new evidence" and "[i]f the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'" *Flowers*, 441 F. App'x at 745 (quoting *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). Here, contrary to Thrasher's contention, the Appeals Council considered the new evidence. Specifically, in denying Thrasher's petition for review based on this new evidence, the Appeals Council included the evidence in its "AC Exhibit List," (R. 4–5), and explained that "[the Appeals Council] considered the reasons [Thrasher] disagree[d] with the decision in the material listed on the enclosed Order of Appeals Council," and "whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence." (R. 2). However, the Appeals Council found that "this information does not provide a basis for changing the [ALJ's] decision." (R. 2). This statement is sufficiently detailed to show that the Appeals Council adequately evaluated the new evidence. *See Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 821–22 (11th Cir. 2015) (reaffirming that, pursuant to its decision in *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 784 (11th Cir. 2014), the Appeals Council's explanation for a denial of a petition to review new evidence is sufficient where it states simply that the claimant's arguments and new evidence were considered, but the evidence did not provide a

basis for changing the ALJ's decision.). After all, "nothing requires the [Appeals Council] to further explain its denial of review." *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 832 (11th Cir. 2013) (finding identical language sufficient) (internal quotation marks omitted). Moreover, based on this record, there is no basis to conclude that the Appeals Council did not in fact consider the new evidence as it claimed, especially since the evidence at issue did not undermine the ALJ's rationale. *See Beavers*, 601 F. App'x at 822.

> 2. *The ALJ's Determination That Thrasher Can Perform Light Work Is Supported By Substantial Evidence*

Thrasher next contends that the ALJ "erroneously relied on the opinion of the lay DDS examiner [K.D. McBride], believing it to be prepared by a medical consultant." Doc. 10 at 10. Thrasher explains that "[t]he record includes two identical State Agency RFC assessments" — one completed by Dr. Samuel D. Williams, "a State agency medical consultant" who "determined Mr. Thrasher's medically determinable impairments and whether they were severe," and the other by K.D. McBride, "a single decision maker ['SDM']," who "determined that Mr. Thrasher can perform a limited range of light work." Doc. 9–10; (R. 65–79). According to Thrasher, the ALJ erroneously based her decision on McBride's assessment. At issue here is the ALJ's finding that Thrasher's RFC allows him "to perform light work as defined by 20 CFR 404.1567(b) and 20 C.F.R. 416.96(b), except that he is to have the option to alternate between sitting and standing every

30 minutes; and he is to avoid all climbing, balancing, commercial driving, or exposure to hazardous machinery or unprotected heights." (R. 32). The ALJ explained that "[a]s for opinion evidence, no treating source has expressed an opinion regarding [Thrasher's] functional capacity or on the ultimate issue of disability," but that "[n]on-examining State agency consultants assessed the record and opined that the claimant was capable of performing a limited range of light work, without significant mental limitations." (R. 33). The ALJ added that she gave "considerable weight to these assessments, which were consistent with the overall medical evidence." (R. 33).

Thrasher argues that McBride is a "non-acceptable, non-medical source" pursuant to 20 C.F.R. § 404.1513, and the ALJ's weighing of his assessment "was a direct violation of the Commissioner's policy, which provides that assessments completed by [SDMs] are not opinion evidence at the ALJ level, and that ALJs may not accord them any evidentiary weight." Doc. 10 at 10–11. Thrasher is correct that the opinions of SDMs are not entitled to any weight as a medical opinion. *See Warren v. Astrue*, 830 F. Supp. 2d 1369, 1372 (S.D. Fla. 2011) ("[A] SDM is not a medical professional of any stripe, and a finding from such an individual is entitled to no weight as a medical opinion" and "physical RFC assessment forms completed by a [SDM], are not opinion evidence at the appeal level.") (internal citations omitted). However, to the extent that the ALJ mistakenly

gave weight to McBride's opinion, the error was harmless. *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (harmless error where the ALJ mistakenly referred to the SDM as a doctor and gave her opinion undue weight because the ALJ considered all the evidence in the record, including opinions by a treating and non-treating physician, and the SDM's opinion was merely cumulative of the record evidence). As the ALJ stated, she carefully considered "the entire record," which included extensive medical records from treating physician Dr. Avsar, (R. 233–45; 317–33), treating cardiologist Dr. Vasu Goli, (R. 283–316), pulmonary and sleep specialist Dr. Erin Ozgun (R. 341–47), and the non-treating physician Dr. Samuel D. Williams. (R. 65–66, 71, 76, 81). There is nothing to indicate that the opinion of the SDM formed the dispositive or a significant basis for the ALJ's decision, rather than it being cumulative of the other evidence in the record. *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013).

### 3.  *Thrasher Fails To Establish Entitlement To Benefits Due To Anxiety*

Finally, Thrasher asserts that the ALJ should have ordered a consultative examination so that she could make an informed decision about the extent of Thrasher's anxiety, if any. Doc. 10 at 15. "Social Security proceedings are inquisitorial rather than adversarial" and the ALJ has the duty "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v.*

*Apfel*, 530 U.S. 103, 110–11 (2000). This duty includes developing a full and fair record. *Todd v. Heckler*, 736 F.2d 641, 642 (11th Cir. 1984). The Social Security Act provides that "in any case where there is evidence which indicates the existence of a mental impairment" the Commissioner "may determine that the claimant is not under a disability" only if he has made "every reasonable effort" to obtain the opinion of "a qualified psychiatrist or psychologist." *McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988) (citing 42 U.S.C. § 421(h)). A claimant's testimony, plus suggestions from his treating physicians of a mental impairment, may trigger this statutory duty to obtain a consultative psychological or psychiatric examination as set forth in 42 U.S.C. § 421(h).

There is no error here because the ALJ developed a full and fair record, and Thrasher has failed to show that he is eligible for benefits based on a purported anxiety disorder. *See Ingram*, 496 F.3d at 1269. Specifically, Thrasher did not list anxiety as a source of disability in his Disability Report–Form SSA-3368 (R. 197–211) (notably not listed in response to: "List all of the physical or mental conditions (including emotional or learning problems) that limit your ability to work"), Function Report, (R. 180–87), or his Cardiovascular Questionnaire, (R. 188–96) (mentioning only that he has panic attacks). Indeed, at Thrasher's administrative hearing, he responded, "No, sir" when asked whether he has any mental health concerns. (R. 46–47). Moreover, multiple medical reports in the

record showed that Thrasher denied anxiety as a condition he suffered from. (R. 63, 236, 241, 324, 330). While the medical reports indicate that Thrasher intermittently complained of or reported a history of anxiety and received medication accordingly, *see* (R. 312) (has panic attacks when he experiences nausea, diaphoresis); (R. 320, 322–23, 329, 336, 349, 358); (R. 359) (noting that Thrasher uses Xanax "sparingly"), the Disability Determination Explanation indicates that Dr. Williams, the state agency medical consultant, reported a diagnosis of "non severe" anxiety disorder, (R. 75).

Ultimately, "[e]ven though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram*, 496 F.3d at 1269 (citing *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)). "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Id.* The record is clear that Thrasher never attempted to assert anxiety as a source of his alleged disability. Moreover, the record is replete with evidence upon which the ALJ could make an informed decision regarding the severity and any disabling effect of Thrasher's preexisting anxiety. Therefore, the ALJ had no duty to order a consultative examination as to Thrasher's anxiety and the ALJ's findings are supported by substantial evidence.

In conclusion, the ALJ's determination that Thrasher is not disabled is supported by substantial evidence.

## VI. Conclusion

Based on the foregoing, the court concludes that Thrasher's motion for a sentence six remand is due to be denied, and this case is due to be dismissed because the ALJ's decision denying Thrasher benefits is supported by substantial evidence. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 17th day of March, 2017.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE